NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MASA NATHANIEL WARDEN, | No. 20-17405 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-00431-TLN-AC |
| v. | |
| BRYAN COWAN; NICK WEAVER, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| WILL WILLIAMS; ROGER MOORE, Chief of Police, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

Before: SILER,** S.R. THOMAS, and CALLAHAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Officers Bryan Cowan and Nick Weaver appeal from the district court's denial of their motion for summary judgment on the basis of qualified immunity. Applying de novo review, and given the limited inquiry presented at this stage of the proceeding, we affirm the district court's denial of qualified immunity on summary judgment.

1.    Masa Warden argues that we lack jurisdiction to consider this interlocutory appeal because it challenges the merits of the district court's findings of disputed facts. Although denials of summary judgment are typically not appealable, *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017), we may review orders denying qualified immunity on summary judgment under the collateral order exception to finality, *Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014); *Foster v. City of Indio*, 908 F.3d 1204, 1209 (9th Cir. 2018) (per curiam).

The scope of our review, however, is "circumscribed." *Foster*, 908 F.3d at 1210 (quoting *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013)). We may only consider whether the defendant would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved and all reasonable inferences are drawn in plaintiff's favor. *See Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). Accordingly, we only have jurisdiction to consider the officers' arguments that (1) as a matter of law, the officers' use of force was objectively

2

reasonable such that it did not violate Warden's constitutional rights; and (2) as a matter of law, clearly established law at the time of the violation would not have put the officers on notice that their conduct was unlawful.[1]

2.      We review a denial of qualified immunity on a motion for summary judgment de novo. *Wilkinson v. Torres*, 610 F.3d 546, 550 (9th Cir. 2010). The qualified immunity inquiry consists of two parts: (1) "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right," and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).) On review of this denial of summary judgment, we resolve all factual disputes and draw all inferences in Warden's favor in order to answer the very narrow question before us: whether *as a matter of law* Officers Cowan's and Weaver's conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation. *Id.*

Taking Warden's facts as true, he was shot 16–17 times as he lay on his stomach in a prone position, with his feet closer to the officers, while repeatedly

---

[1] Officers Cowan and Weaver also argue that the district court made several reversible errors in denying summary judgment by failing to consider the correct facts. We lack jurisdiction to consider these arguments because they effectively ask this court to evaluate on this interlocutory appeal whether the district court properly determined that there was a genuine issue of material fact. *See Foster*, 908 F.3d at 1212–13.

3

yelling that he did not have a weapon. According to Warden, Officers Cowan and Weaver began shooting immediately after he moved his previously outstretched arms towards his shoulder area and pressed down on the concrete to "do a pushup." Warden testified that he made this movement so that he could lift his upper body off the ground, turn his head, and again tell the officers that he did not have a weapon.

"In evaluating a Fourth Amendment claim of excessive force, we ask 'whether the officers' actions [wer]e "objectively reasonable" in light of the facts and circumstances confronting them.'" *Rice v. Morehouse*, 989 F.3d, 1112, 1121 (9th Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)) (alteration added). In doing so, we judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal quotation marks and citation omitted). To assess reasonableness, we consider the *Graham* factors, including the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Wilkinson*, 610 F.3d at 550 (quoting *Graham*, 490 U.S. at 396).

Officers Cowan and Weaver were aware at the time of the shooting that Warden was suspected of committing a number of crimes earlier that morning. *See S.R. Nehad v. Browder*, 929 F.3d 1125, 1136 (9th Cir. 2019) (explaining that the

4

government's interest in apprehending criminals, and particularly felons, factors "strongly" in favor of the use of force). Additionally, Warden had resisted arrest in his interactions with Corporal Williams but was lying on his stomach by the time Officers Cowan and Weaver arrived on the scene. *See Rice*, 989 F.3d at 1123 (discussing the distinction between active and passive resistance).

However, the second, and "most important," factor, which assesses whether Warden posed an immediate threat to the safety of the officers and others, *id*. at 1121, involves genuine issues of disputed facts. In assessing this factor, we focus on the movement which, by Officers Cowan's and Weaver's own admission, precipitated their use of deadly force—Warden's self-described "pushup" movement. We consider whether, as a matter of law, this movement would cause a reasonable officer on the scene to believe that Warden posed an immediate threat to the safety of the officers or others.

Officers Cowan and Weaver were informed by their fellow officer, Corporal Williams, that Warden had a gun in his waistband. Officers Cowan and Weaver were entitled to rely on this information as if they had personal knowledge of it themselves. *See United States v. Bernard*, 623 F.2d 551, 560–61 (9th Cir. 1979), as revised (Apr. 28, 1980); *see also United States v. Del Vizo*, 918 F.2d 821, 826 (9th Cir.1990) ("When there has been communication among agents, probable cause can rest upon the investigating agents' collective knowledge." (internal

5

quotation marks omitted)); *United States v. Hensley*, 469 U.S. 221, 232 (1985); *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1027–28 (9th Cir. 2002) (line officers acted reasonably by accepting their superiors' representations that they had a valid warrant; even if the superiors might be liable, the line officers were not).

However, the fact that a person is armed does not end the reasonableness inquiry. *See Hayes v. County of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013). Under the second *Graham* factor, we must consider whether a reasonable officer on the scene would have perceived Warden, even if armed, to pose an immediate threat to the safety of the officers and others given the totality of the circumstances at the time he made his "pushup" movement, taking the facts as Warden describes them. *See Bryan v. MacPherson,* 630 F.3d 805, 823 (9th Cir. 2010).

On this interlocutory appeal, given that the facts and all reasonable inferences must be drawn in Warden's favor, we cannot accept as true the disputed testimony of Officers Cowan and Weaver that Warden's pushup movement gave him access to his waistband in a way that would allow him to shoot the officers or others, or otherwise create an immediate threat to their safety. Therefore, given Warden's version of events, we cannot conclude that as a matter of law Officers Cowan and Weaver acted objectively reasonably when they shot Warden. Therefore, the district court did not err in finding that the question of whether a constitutional violation occurred was a matter for the jury to determine. *See*

*George*, 736 F.3d at 838; *Jones v. Las Vegas Metro. Police Dep't.*, 873 F.3d 1123, 1131 (9th Cir. 2017); *Longoria v. Pinal County*, 873 F.3d 699, 706–07 (9th Cir. 2017).

3. Because Officers Cowan and Weaver may have committed constitutional violations, we consider the second element of qualified immunity: whether the right allegedly violated was clearly established at the time. *See Jones*, 873 F.3d at 1131. Conduct violates a "clearly established" right if "the unlawfulness of the action in question [is] apparent in light of some pre-existing law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1152 (9th Cir. 2021) (quoting *Devereaux v. Perez*, 218 F.3d 1045, 1053 (9th Cir. 2000)). There need not be a Supreme Court or circuit case directly on point, but existing precedent must place the lawfulness of the conduct "beyond debate." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7–8 (2021) (per curiam).

It is clearly established that firing on someone who makes no "furtive movement, harrowing gesture, or serious verbal threat" is unreasonable, even where the suspect is still armed with a deadly weapon. *See George*, 736 F.3d at 838–39 (holding that summary judgment for the officers was inappropriate given evidence that the suspect was pointing a gun away from the officers when they shot him). More specifically, *Cruz v. City of Anaheim* defines the bounds of clearly established law on a furtive movement like the one asserted by Officers

7

Cowan and Weaver:

> It would be unquestionably reasonable for police to shoot a suspect in Cruz's position if he reaches for a gun in his waistband, or even if he reaches there for some other reason….Conversely, if the suspect *doesn't* reach for his waistband or make some similar threatening gesture, it would clearly be unreasonable for the officers to shoot him after he stopped his vehicle and opened the door.

765 F.3d 1076, 1078–79 (9th Cir. 2014).

Because the facts surrounding Warden's alleged "furtive movement" and whether it objectively posed an immediate threat to a reasonable officer under the circumstances are in dispute, we cannot conclude on the present record that Officers Cowan and Weaver are entitled to qualified immunity as a matter of law.

**AFFIRMED.**